[Cite as *State ex rel. Ware v. Sentence Computation Bur.*, 2022-Ohio-3562.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kimani E. Ware, | : | |
| Relator, | : | No. 21AP-419 |
| v. | : | (REGULAR CALENDAR) |
| Bureau of Sentence Computation, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on October 6, 2022

**On brief:** *Kimani E. Ware,* pro se.

**On brief:** *Dave Yost,* Attorney General, and *Mark W. Altier,* for respondent.

IN MANDAMUS
ON MOTIONS

JAMISON, J.

{¶ 1}  Relator, Kimani E. Ware, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Bureau of Sentence Computation ("bureau"), to respond to and process his public records request.  Relator also filed a claim for statutory damages pursuant to R.C. 149.43(C)(1) and (C)(2).

{¶ 2}  This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals.  Relator filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C), and a motion for summary judgment on his claim for statutory damages pursuant to R.C. 149.43(C)(1) and (C)(2).  The magistrate issued the appended decision, including findings of fact and conclusions of law. The magistrate found that because the bureau failed to promptly produce the public records requested by relator within a reasonable time, as contemplated by R.C. 149.43, relator is entitled to $1,000 in statutory damages, the maximum amount permitted under the

statute.  Accordingly, the magistrate recommended that this court grant relator's motion for summary judgment in part, as to the statutory damages, and issue a partial writ of mandamus.  The magistrate denied as moot relator's motion for judgment on the pleadings as relator conceded that respondent eventually fulfilled the public records request.  No party filed an objection to the magistrate's decision.

{¶ 3}  Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law.  In accordance with the magistrate's decision, we deny as moot relator's motion for judgment on the pleadings, grant relator's motion for summary judgment in part, grant a partial writ of mandamus, and award relator the sum of $1,000 as statutory damages.

*Relator's motion for summary judgment granted in part;*
*partial writ of mandamus granted.*

DORRIAN and BEATTY BLUNT, JJ., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kimani E. Ware, | : | |
| Relator, | : | |
| v. | : | No.  21AP-419 |
| Bureau of Sentence Computation, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on June 29, 2022

*Kimani E. Ware,* pro se.

*Dave Yost,* Attorney General, and *Mark W. Altier,* for respondent.

IN MANDAMUS
ON MOTIONS

**{¶ 4}**    Relator, Kimani E. Ware, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Bureau of Sentence Computation ("bureau"), to respond to and process his public records request. Relator has filed a January 10, 2022, motion for judgment on the pleadings pursuant to Civ.R. 12(C), and a January 19, 2022, motion for summary judgment on his claim for statutory damages pursuant to R.C. 149.43(C)(1) and (C)(2).

Findings of Fact:

{¶ 5}    1. Relator is an inmate incarcerated at Trumbull Correctional Institution, in Leavittsburg, Ohio.

{¶ 6}    2. The bureau is a governmental agency responsible for computing release dates for Ohio inmates.

{¶ 7}    3. On August 23, 2021, relator filed the instant mandamus action asking this court to respond to and process his public records request. In his complaint, relator alleged the following: (1) on August 25, 2020, relator mailed, via certified mail, a public records request to the bureau, requesting copies of the files of employers Liann Bower, Donnelle Cummings, and Paul Hannah; (2) relator did not receive a response to his public records request from the bureau; (3) relator obtained a printout from the United States Postal Service ("USPS"), which confirms that his public records request was delivered on August 31, 2020; (4) on September 14, 2020, relator mailed, via regular USPS mail, a letter to the bureau concerning his prior public records request; (5) relator did not receive a response to the letter; (6) on December 8, 2020, relator mailed a second letter, via USPS regular mail, concerning his prior public records request; (7) relator did not receive a response to the second letter; (8) relator is entitled to a writ of mandamus compelling the bureau to respond to and process his public records request according to R.C. 149.43(B)(1); and (9) relator is entitled to court costs and statutory damages pursuant to R.C. 149.43(C)(1) and (2).

{¶ 8}    4. On October 13, 2021, the bureau filed an answer, generally denying the substantive allegations raised in relator's complaint.

{¶ 9}    5. On January 10, 2022, relator filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C), arguing he was entitled to a writ of mandamus, statutory damages, and court costs. The bureau did not file a response.

{¶ 10}   6. On January 19, 2022, relator filed a motion for summary judgment on his claim for statutory damages pursuant to R.C. 149.43(C)(1) and (C)(2). In the motion, relator alleged the following: (1) on January 11, 2022, the bureau provided relator with copies of the requested personnel files; relator received the files on January 12, 2022; the claim is now moot; and there is no need to issue a writ of mandamus; (2) however, relator is entitled to statutory damages, pursuant to R.C. 149.43(C)(2), because relator made his request by

certified mail, and the bureau failed to make the public records available to relator within a reasonable time. The bureau did not file a response.

Conclusions of Law:

{¶ 11}  The magistrate recommends that this court deny relator's January 10, 2022, motion for judgment on the pleadings pursuant to Civ.R. 12(C), and grant relator's January 19, 2022, motion for summary judgment on his claim for statutory damages pursuant to R.C. 149.43(C)(1) and (C)(2).

{¶ 12}  In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 13}  Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C).

{¶ 14}  Under R.C. 149.43(B)(1), a public office is required to make copies of public records available to any person on request and within a reasonable period of time. A "public record" is a record "kept by any public office." R.C. 149.43(A)(1). A party who believes that his request for a public record has been improperly denied may file a mandamus action in order to compel production of the record. R.C. 149.43(C)(1)(b). *See State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, ¶ 6. The requester must establish by clear and convincing evidence a clear legal right to the records and a corresponding clear legal duty on the part of the respondent to provide them. *See State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, ¶ 10. When a public office withholds responsive records, it has the burden of showing that the records are statutorily exempted from disclosure. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, paragraph two of the

syllabus. Exceptions to disclosure are strictly construed against the public office withholding the records. *Id.* A writ of mandamus will not issue when the uncontroverted evidence shows that the requested documents do not exist. *State ex rel. Lanham v. Smith*, 112 Ohio St.3d 527, 2007-Ohio-609, ¶ 15.

{¶ 15} In the present case, relator has admitted that the bureau has fulfilled his public records request, and, therefore, that issue is moot. However, relator contends that he is still entitled to summary judgment on statutory damages, pursuant to R.C. 149.43(C)(2), because he made his public records request by certified mail, and the bureau failed to make the public records available to relator within a reasonable time.

{¶ 16} R.C. 149.43(B)(1) provides that the public office must "promptly prepare" all records responsive to a public records request within a "reasonable period of time." R.C. 149.43(C)(1) permits a party aggrieved by the failure of the public office to promptly prepare a public record to receive statutory damages under R.C. 149.43(C)(2) in the amount of one hundred dollars for each business day during which the public office failed to comply with the obligation under R.C. 149.43(B)(1), beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars. The phrase "reasonable period of time" is not defined in the statute, but the " ' "determination of what is 'reasonable' depends upon all the pertinent facts and circumstances." ' " *State ex rel. Stuart v. Greene*, 161 Ohio St.3d 11, 2020-Ohio-3685, ¶ 7, quoting *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, ¶ 16, quoting *State ex rel. Cincinnati Enquirer v. Deters*, 148 Ohio St.3d 595, 2016-Ohio-8195, ¶ 23. In *Stuart*, the Supreme Court of Ohio contrasted *Kesterson*, in which the court awarded statutory damages because the public office did not provide the requested records until six months after the relator commenced her mandamus action, and *State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, in which a response time of 24 days was considered a reasonable period of time to respond to a broad records request when the public office had to search for responsive documents, exclude nonresponsive documents, print the documents, and then review them to redact exempt information. In *Stuart*, the public office provided a substantially redacted record of 18 pages to the requester 31 days after it received the request, and the court found it was a reasonable response time lacking any suggestion to the contrary.

{¶ 17} A selection of other cases addressing whether public records were produced within a reasonable time pursuant to R.C. 149.43 is as follows: *Anthony v. Columbus City Schools*, Ct. of Cl. No. 2021-00069PQ, 2021-Ohio-3241 (in the five weeks between the request and the filing of the complaint, the public office neither provided records nor offered the required explanation, including legal authority for why they were denied, and such did not constitute a "reasonable time"); *Hodge v. Montgomery Cty. Prosecutor's Office*, Ct. of Cl. No. 2019-01111PQ, 2020-Ohio-4520 (prosecutor's office timely acknowledged public records request three business days after its receipt; however, for its substantive response, even though a public office is entitled to time for legal review of the request, the 45 days taken just to determine that the trial preparation records exception would apply to case records clearly exceeded the reasonable period of time necessary to assess the response); *Burfitt v. Greene*, Ct. of Cl. No. 2019-00766PQ, 2020-Ohio-639, rejected in part and adopted in part in *Burfitt v. Greene*, Ct. of Cl. No. 2019-00766PQ, 2020-Ohio-843 (public records were not produced timely when the public office initially denied the request in its entirety, the public office subsequently created a redacted version of the same documents for another requester two months later, and the public office failed to promptly provide the same redacted documents to the relator until more than six months after it was created and three months after the action was filed); *State ex rel. Schumann v. Cleveland*, 8th Dist. No. 109776, 2020-Ohio-4920 (public records were not provided within a reasonable time when over two months elapsed from the time of the request to the release of the first records, over four months elapsed from the time of the request to its completion, the relator was compelled to file a mandamus to obtain the records and 27 days lapsed before he received his first records, and the relator did not have use of all of the requested records until three months after he filed his mandamus action, much more than the ten business days envisioned by the statute before awarding full damages for loss of use); *Crenshaw v. Cleveland Law Dept.*, 8th Dist. No. 108519, 2020-Ohio-921 (trial court erred when it granted summary judgment to the public office on the issue of statutory damages, as the public office responded to the public records request 76 days after it received the request, and such time was not reasonable because the case did not involve voluminous documents, involved only a single police officer's record for one year, and involved only 65 pages of documents with only routine and ordinary redactions and review necessary); *State*

*ex rel. Korecky v. Cleveland*, 8th Dist. No. 108965, 2020-Ohio-273 (21 days between the records request and the public office's response, which was two days after the filing of the mandamus action, was unreasonable when the records were readily available, did not require redaction, did not require examination of multiple indices for retrieval, did not require the retrieval of information from dusty archives, and timeliness was important for purposes of appeal; however, 18 days between another records request and the public office's response was reasonable when the public office required additional time and scrutiny to determinate whether any information contained within should be redacted, and timeliness was not important); *Easton Telecom Servs., L.L.C. v. Village of Woodmere*, 8th Dist. No. 107861, 2019-Ohio-3282 (a two-month period of time taken to provide responsive records was reasonable when the request was broad and extensive, comprised requests of several departments and spanned two years; required the involvement of several department officials, all of whom were part-time employees who had to locate, retrieve, and transmit the documents to the village's counsel; counsel was required to review, analyze, redact, and copy the responsive documents; the public office maintained communication with the requester, providing status updates on the progress of the compilation of the responsive records; and there was no evidence the public office ever refused to produce any of the requested records); *State ex rel. Bristow v. Baxter*, 6th Dist. No. E-18-026, 2019-Ohio-214 (delay of two and a half months – and 22 business days after the mandamus filing – before producing the records or in any way responding to relator's requests was unreasonable under R.C. 149.43(B)(1)); *State ex rel. Miller v. Ohio Dept. of Edn.*, 10th Dist. No. 15AP-1168, 2016-Ohio-8534, ¶ 19 (public office's delay of 61 days after the public-records request was received and 7 days after the mandamus action was filed was unreasonable, given there was no explanation for the delay, and the request did not seek a voluminous number of records); *State ex rel. Simonsen v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 08AP-21, 2009-Ohio-442 (37-day delay was unreasonable for purposes of statutory damages for response to a public records request seeking contracts and materials about the negotiation of contracts between a prison facility and one of its suppliers when ODRC did not respond at all to the request until 3 months later, when it did so it gave no explanation for the 3-month delay, and ODRC did not respond fully to the request until after the court ordered ODRC to provide conclusive evidence that it had done so).

{¶ 18} In the present case, relator made his public records request by certified mail on August 25, 2020. Relator did not receive a response to his public records request from the bureau. A document attached to relator's complaint indicates that USPS delivered the certified mail on August 31, 2020. On September 14, 2020, relator mailed, via regular USPS mail, a letter to the bureau concerning his prior public records request, but relator did not receive a response to the letter. On December 8, 2020, relator mailed a second letter, via USPS regular mail, concerning his prior public records request, but relator did not receive a response to the second letter. On August 23, 2021, relator filed the present petition for writ of mandamus. It was not until January 11, 2022, that the bureau provided relator with copies of the personnel files relator requested in his August 25, 2020, public records request. Thus, after the initial public records request on August 25, 2020, the bureau did not respond to relator's requests until over 16 months after relator's request, and the bureau did not respond to relator's request until over 4 months after relator filed his mandamus complaint. There is no indication in the record that the bureau did anything to resolve the public records request during this period of over 16 months.

{¶ 19} Based upon all of the facts in this case, the magistrate finds that reasonable minds can only conclude that the bureau failed to promptly produce the public records requested by relator within a reasonable time, as contemplated by R.C. 149.43. The bureau did not produce the requested records for over 16 months after the original public records request and over 4 months after relator filed his mandamus complaint. The bureau does not claim that it had to conduct a wide-ranging search, comb through voluminous documents, undertake unusually burdensome redactions or legal review, or search dusty archives. To the contrary, the bureau has not claimed any unusual circumstances prevented it from timely producing the requested records. Furthermore, the bureau wholly failed to respond or acknowledge the request, had no contact with relator throughout the period of delay, and offered no explanation for the delay or any denial. The bureau's lack of any response forced relator to file the instant mandamus action in order to obtain records to which the public is entitled to view. Even after filing his mandamus action, relator still had to wait over four months to receive the responsive documents. Therefore, the magistrate finds that because the bureau failed to promptly produce the public records requested by

relator within a reasonable time, as contemplated by R.C. 149.43, relator is entitled to $1,000 in statutory damages, the maximum amount permitted under the statute.

{¶ 20} In his petition and brief, relator also seeks an award for court costs associated with bringing the present mandamus action. Under certain circumstances, a court may award attorney fees, R.C. 149.43(C)(3)(b)(iii), and court costs, R.C. 149.43(C)(3)(a)(ii). As a pro se litigant, relator is ineligible for an award of attorney fees. *See State ex rel. Fant v. Mengel*, 62 Ohio St.3d 197, 198 (1991). As for court costs, court costs shall be awarded to a requester if a court instructs a public office to comply with an obligation imposed by R.C. 149.43(B). R.C. 149.43(C)(3)(a)(i). Costs are also available under R.C. 149.43(C)(3)(a)(ii) if the court makes a determination described in division (C)(3)(b)(iii) of this section, which requires the court to find that the respondent acted in bad faith when the office or person voluntarily made the public records available to the relator during the course of a mandamus action. Further, the subsection provides that there is no presumption of bad faith. *Id.* "Bad faith" generally implies something more than bad judgment or negligence. *State ex rel. McDougald v. Greene*, 163 Ohio St.3d 471, 2020-Ohio-5100, ¶ 26, quoting *State v. Tate*, 5th Dist. No. 07 CA 55, 2008-Ohio-3759, ¶ 13. It " 'imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.' " *Id.*, quoting *Slater v. Motorists Mut. Ins. Co.*, 174 Ohio St. 148 (1962), paragraph two of the syllabus, *reversed on other grounds*, *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552 (1994), paragraph one of the syllabus. Here, relator presents no argument or evidence regarding any alleged bad faith; thus, he is not entitled to court costs.

{¶ 21} Accordingly, it is the magistrate's recommendation that the court grant, in part, relator's motion for summary judgment and that a partial writ of mandamus be issued. Relator is awarded $1,000 in statutory damages. Relator's January 10, 2022, motion for judgment on the pleadings pursuant to Civ.R. 12(C) is denied as moot.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).