[Cite as *Morrison v. Office of the Safety-Serv. Dir.*, 2024-Ohio-4786.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| JOSHUA D. MORRISON | Case No. 2024-00523PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| OFFICE OF THE SAFETY-SERVICE DIRECTOR | |
| Respondent | |

{¶1} This matter is before me for a R.C. 2743.75(F) report and recommendation. I recommend that the court (1) find that respondent's delay in producing the records requested violated R.C. 149.43(B)(1), (2) award requester his filing fee and costs, (3) require respondent to bear the balance of the costs of this case, and (4) deny all other relief.

**I.      Background**.

{¶2} Requester Joshua Morrison made a public records request to the respondent Safety Service Director of the City of Mount Vernon ("the City") on February 4, 2024. The City ignored that request. *Complaint*, filed June 21, 2024, pp. 1, 2.[1]

{¶3} On April 8, 2024, Mr. Morrison followed up, asking the City about the status of his request. The City ignored that inquiry. *Id*. at p. 4

{¶4} Mr. Morrison filed this case In June of 2024. Mediation was bypassed because of how long Mr. Morrison's request had been languishing. A case schedule was set for the parties to file evidence and memoranda supporting their positions. The City ignored that schedule. *Order*, entered July 1, 2024.

---

[1] All references to specific pages Mr. Morrison's filings are to the pages of the PDF copies posted on the court's docket.

{¶5} A status conference was held to determine whether the City would respond to this case. Its counsel stated that it would, and a new schedule was set for the submission of evidence and memoranda. *Scheduling Order*, entered August 8, 2024.

{¶6} The City finally produced records responsive to Mr. Morrison's request on August 29, 2024, almost seven months after that request was made. It filed evidence of that production, but did not bother to file a memorandum explaining its delay or its view of the case. *PQ Miscellaneous*, filed August 29, 2024.

{¶7} The case schedule has run its course, and this case is ripe for decision.

## II.     Analysis.

{¶8} Mr. Morrison's complaint asserts two claims. One is for production of the records he requested. (the "Production Claim"). The other asserts that the City violated R.C. 149.43(B)(1)'s mandate that records be produced within a reasonable time (the "Delay Claim"). *Complaint*, pp. 1, 4

### A. The Production Claim is moot.

{¶9} "In general, the provision of requested records to a [requester] in a public-records *** case renders the *** claim moot." *State ex rel. Cincinnati Enquirer v. Dupuis*, 2002-Ohio-7041, ¶ 8. A public records case can be mooted by the respondent producing the responsive records during the course of the litigation. *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶¶ 17-18, 22.

{¶10} The City finally produced records responsive to Mr. Morrison's request on August 29, 2024. Although Mr. Morrison continues to assert his Delay Claim, he has not challenged the sufficiency of that production. *PQ Miscellaneous*, filed September 11, 2024, p. 2.

{¶11} I therefore recommend that the court hold that Mr. Morrison's production claim is moot.

### B. The Court should enter judgment for requester on the Delay Claim.

{¶12} The public records request prompting this case was made on February 1, 2024. Despite Mr. Morrison's subsequent inquiries, the City took no action on the request until well after this case was filed. It finally produced records on August 29, 2024, more than six months after the request was made and two months after this case was filed.

{¶13} R.C. 149.43(B)(1) mandates that "upon request *** a public office *** shall make copies of the requested public record available to the requester *** within a reasonable period of time." A public office's compliance with that requirement is evaluated based on the facts and circumstances of the request. *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶ 10; *State ex rel. Kesterson v. Kent State Univ.*, 2018-Ohio-5108, ¶ 16. Several aspects of this case establish that the City violated R.C. 149.43(B)(1).

{¶14} First, the delay here is longer than delays found unreasonable in other cases. Although each delay claim turns on its own facts, some guidance is provided by other cases. The City's response time was more than six months. Other courts have found far shorter delays unreasonable. *State ex rel. Ware v. Bur. of Sentence Computation,* 2022-Ohio-3562*, ¶ 17* (10th Dist.) (surveying cases). While not conclusive, these cases strongly suggest that the city's response time was unreasonable.

{¶15} Second, the request involved a limited number of records and presented limited review/redaction issues. Public offices are given more time to respond to requests for large volumes of records and less time for requests with fewer responsive records. *State ex rel. Shaughnessy v. City of Cleveland*, 2016-Ohio-8447, ¶ 14; *Kesterson*, 2018-Ohio-5108, ¶ 17; *State ex rel. Patituce & Assocs., LLC v. City of Cleveland*, 2017-Ohio-300, ¶ 7 (8th Dist.); and *Easton Telecom Servs., L.L.C. v. Village of Woodmere*, 2019-Ohio-3282, ¶¶ 46-49 (8th Dist.); *State ex rel. Clark-Shawnee Local School Dist. Bd. of Edn. v. City of Springfield*, 2024-Ohio-2483, ¶ 26 (2d Dist.); *State ex rel. Miller v. Ohio Dept. of Edn.*, 2016-Ohio-8534, ¶ 8 (10th Dist.); *Ware*, 2022-Ohio-3562, ¶ 19 (10th Dist.). Relatedly, more time is allowed if the volume or nature of responsive records make legal review and redaction more time consuming. Compare *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 2017-Ohio-8988, ¶ 59 and *Anderson v. Greater Cleveland Regional Transit Auth.*, 2018-Ohio-3653, ¶ 7, adopted, 2018-Ohio-4596 (Ct. of Cl.) with *Miller*, 2016-Ohio-8534, ¶ 8; *State ex rel. Simonsen v. Ohio Dept. of Rehab. & Correction*, 2009-Ohio-442, ¶ 10 (10th Dist.); *State ex rel. Korecky v. City of Cleveland*, 2020-Ohio-273, ¶ 19. The volume of records responsive to Mr. Morrison's request was not unusually large, approximately 1,400 pages. There were minimal redaction issues. This too suggests that the City's response time was unreasonable.

{¶16} Third, the production only occurred after litigation commenced. Courts are more likely to find a delayed production unreasonable if it occurs after suit was filed. *Miller*, 2016-Ohio-8534, ¶ 8; *Ware*, 2022-Ohio-3562, ¶ 19; *State ex rel. Schumann v. City of Cleveland*, 2020-Ohio-4920, ¶ 9 (8th Dist.); *Staton v. Village of Timberlake*, 2023-Ohio-1860, ¶ 13, adopted 2023-Ohio-2322. That makes sense; it is difficult to justify delays that require requesters on one hand, and the courts and public offices (and the taxpayers who fund both) on the other, to expend time and money on avoidable controversies. That is what we have here.

{¶17} Fourth, the City has offered no explanation for that wasteful delay. Other courts have held that is an indicia of undue delay. *Ware*, 2022-Ohio-3562, ¶ 19; *Clark-Shawnee*, 2024-Ohio-2483, ¶ 26.

{¶18} I therefore recommend that the court hold that the City violated R.C. 149.43(B)(1)'s mandate that public offices produce records within a reasonable period of time.

**C. Requester is entitled to recover her filing fee and costs; respondent should bear the balance of the costs.**

{¶19} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office *** the amount of the filing fee *** and any other costs associated with the action[.]" Mr. Morrison was aggrieved because the City violated R.C. 149.43(B)(1) by failing to timely produce the records he sought. I therefore recommend that he recover his filing fee and the costs he incurred in this case. I recommend that the City bear the balance of the costs of this case.

**III.    Conclusion.**

{¶20} Based on the foregoing, I recommend that the court:

A.  Deny requester's claim for production of records.

B.  Hold that respondent violated R.C. 149.43(B)(1) by unreasonably delaying production of the records requested.

C.  Award requester his filing fees and costs.

D.  Order respondent to bear the balance of the costs of this case.

E.  Deny all other relief.

{¶21} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____

TODD MARTI
Special Master

**Filed September 17, 2024**
**Sent to S.C. Reporter 10/3/24**