[Cite as *Schaffer v. Ohio State Univ.*, 2024-Ohio-5964.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| ALEX SCHAFFER | Case No. 2024-00461PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| THE OHIO STATE UNIVERSITY | |
| Respondent | |

{¶1} This case is before me for a R.C. 2743.75(F) report and recommendation. I recommend that the court: (1) order respondent to produce unredacted copies of the records filed as pp. 53-60 of its evidence, (2) find that respondent failed to respond to requester's public records requests within a reasonable period of time, (3) order that requester recover his filing fee, (4) assess the costs of this case against respondent, and (5) deny all other relief.

**I. Background**.

{¶2} Requester Alex Schaffer made seven public records requests to the respondent Ohio State University ("OSU"). OSU eventually produced redacted and unredacted records in response to six of those requests. OSU claims that it has produced all records responsive to all but one of Mr. Schaffer's requests, and that it continues to gather records responsive to that one request. *Amended Complaint*, filed July 29, 2024, pp. 5-100;[1] *PQ Miscellaneous*, filed October 4, 2024 ("*Respondent's Evidence*"), pp. 9-212.

---

[1] All references to specific pages of Mr. Schaffer's filings are to the pages of the PDF copies posted on the court's docket.

{¶3} Mr. Schaffer filed this case, disputing that OSU has produced all responsive records and challenging the legality of some of the redactions. He also asserts that OSU failed to respond to his requests within a reasonable period of time. He seeks an order compelling the production of additional, unredacted, records and attorney fees pursuant to R.C. 149.43(C)(2). Mediation failed to resolve this case, and a schedule was set for the parties to file evidence and memoranda supporting their positions. Those filings have been made, making this case ripe for decision. *Order terminating Mediation*, entered July 27, 2024; Order entered October 16, 2024.[2]

## II. Analysis.

{¶4} OSU denominated Mr. Schaffer's requests as 24-907, 24-940, 24-1012, 24-1397, 24-1411, 24-1478, and 24-1490. All claims arising from each request will be analyzed on a request-by-request basis

### A. Request 24-907.

This request sought:

"1. Employment contract for former Football Coach Tony Alfred. The one in effect at the time of his resignation is fine-don't need prior versions.

2. All records as defined in 149.011(G) evidencing communication between Alfred and Ryan Day and/or Gene Smith regarding his notice of resignation or to HR Dept within the Athletics Dept. This includes text messages, phone call logs, emails, letters, faxes, faxesmiles." *Respondent's Evidence*, p. 10 (sic.).

{¶5} This request was made on March 14, 2024. OSU did not complete its response until July 23, 2024. Mr. Schaffer does not dispute the sufficiency of OSU's response to part 1 of this request. He does claim that OSU has not produced all records responsive to part 2, that OSU made improper redactions, and unreasonably delayed its response. *PQ Miscellaneous*, filed October 4, 2024 ("*Requester's Evidence*"), p. 68-69, 72-97; *Respondent's Evidence*, pp. 9, 10, 13-36.

---

[2] This case was previously consolidated with case No. 2024-00550PQ, but that latter case has since been dismissed.

1. **Requester has not shown that respondent has additional responsive records**.

{¶6} Mr. Schaffer claims that OSU failed to produce the logs he requested or records of any communications other than those from the devices of C.J. Alfani. *Requester's Evidence*, p. 4, ¶ 16.

{¶7} A party suing to obtain public records must prove the elements of his claim. One of those elements is that responsive records do exist. If the public office asserts that it has no responsive records beyond what it is produced, the requester must produce evidence to the contrary. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246, ¶¶ 22-26. The quantum of evidence necessary to meet that burden varies depending on the support for the office's assertion. Clear and convincing evidence is required if the office provides affidavit testimony or its equivalent that no additional records exist. *Id*. However, "some evidence" is sufficient if the office does not provide sworn evidence negating the existence of additional responsive records. *State ex rel. Sultaana v. Mansfield Corr. Inst*., 2023-Ohio-1177, ¶¶ 37-43. The office must either produce the additional records or certify that they do not exist if the requester meets the applicable burden. *Id*.

{¶8} OSU's response to this request effectively asserted that it has produced all records responsive to it; its last correspondence regarding the request stated that is contained records responsive to Mr. Schaffer's request and that it considered the request closed. *Requester's Evidence*, p. 93; *Respondent's Evidence*, p. 9. Although OSU has provided affidavit testimony that it did not withhold any "documents, *due to an exemption*, which would otherwise be responsive to any of Schaffer's above requests," it has not attested that it produced all records responsive to Mr. Schaffer's requests. *Id*. p. 8, ¶ 16 (emphasis added). Mr. Schaffer was therefore required to produce some evidence that the records he claims were withheld do in fact exist.

{¶9} Mr. Schaffer has not met that burden. He has produced nothing showing the existence of the logs or communications from devices beyond those of Mr. Alfani. I therefore recommend denying relief on this aspect of this claim.

2. **Requester has not shown that the redacted information fit within R.C. 149.011(G)'s definition of "record."**

{¶10} Mr. Schaffer challenges the redactions made in OSU's response to this request. OSU redacted Mr. Alford's personal cell phone number and his wife's email address on the ground that neither were records within the meaning of R.C. 149.011(G).

{¶11} A party suing to enforce a public records request has the burden of proving that the materials at issue fit within R.C.149.011(G)'s definition of a "record" if that point is disputed. *State ex rel. Dispatch Printing Co. v. Johnson*, 2005-Ohio-4384, ¶¶ 19, 22, 24; *State ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga Metro. Hous. Auth*., 2012-Ohio-115, ¶ 23. That requires proof that, among other things, the materials "document the organization, functions, policies, decisions, procedures, operations, or other activities of" the office he seeks them from. R.C. 149.011(G). The Supreme Court has held that the personal contact information of persons a public office deals with does not sufficiently document the office's activities to make that information a record. *Johnson*, 2005-Ohio-4384, ¶¶ 27, 28. That is the case even if the office uses that information to communicate with those persons. *Id*., ¶¶ 24, 25. That information is only a record if it sheds light on some aspect of the office's substantive activities. *Id*., ¶ 39 (employee qualification or work location); *State ex rel. Harper v. Muskingum Watershed Conservancy Dist*., 2014-Ohio-1222, ¶ 9 (5th Dist.) (business affairs); *Doe v. Ohio State Univ*., 2023-Ohio-4880, ¶¶ 9-11, adopted 2024-Ohio-565 (Ct. of Cl.) (same).

{¶12} Mr. Schaffer has not proven how the Alfords' contact information documents any aspect of OSU's activities.

{¶13} That is not changed by Mr. Schaffer's assertion that precedent requiring a public office to prove the applicability of an exception from public record status required OSU to prove that the cell number and email addresses were not records. The question of whether an exemption applies only arises *after* a requester shows that the materials at issue are records within the meaning of R.C. 149.011(G). As this court has explained,

> "the defense that a document is not a record does not assert an exception. An exception is a state or federal law prohibiting or excusing disclosure of items that otherwise meet the definition of 'public record.' Before the issue of exceptions arises, a requester must first show that he has made a request that invokes the Public Records Act. Thus, when a public office claims that an item is not a record of the office, 'a requester must establish that they are' [records]
> ***

Therefore, if a public office claims that a requested document is not a "record" of the office, the burden is upon the requester to show that it meets the definition contained in R.C. 149.011(G)." *Ebersole v. City of Powell*, 2018-Ohio-4597, ¶ 11, adopted in relevant part, 2018-Ohio-5011, ¶ 6 (Ct. of Cl.) (quoting *Johnson*, 2005-Ohio-4384, ¶ 19)

{¶14} Mr. Schaffer has not met that burden. I therefore recommend that the court reject his challenges to these redactions.

### 3. Respondent unreasonably delayed its response to this request.

{¶15} OSU did not fully respond to this request until July 23, 2024, 91 working days after the request was made. It produced 23 pages of responsive records containing 4 redactions of personal contact information. *Respondent's Evidence*, pp. 9, 13-36.

{¶16} R.C. 149.43(B)(1) mandates "upon request *** a public office *** shall make copies of the requested public record available to the requester *** within a reasonable period of time." A public office's compliance with that requirement is evaluated based on the facts and circumstances of the request. *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶ 10; *State ex rel. Kesterson v. Kent State Univ.*, 2018-Ohio-5108, ¶ 16. Several aspects of OSU's response to this request establish that it violated R.C. 149.43(B)(1)'s timeliness requirement.

{¶17} First, the delay here is longer than delays found unreasonable in other cases. Although each delay claim turns on its own facts, some guidance is provided by other cases. OSU's response time was 91 days. Other courts have found far shorter delays unreasonable. *State ex rel. Ware v. Bur. of Sentence Computation,* 2022-Ohio-3562*,* ¶ 17 (10th Dist.) (surveying cases). While not conclusive, that strongly suggests that OSU's response time was unreasonable.

{¶18} Second, the request involved a limited number of records and presented limited review/redaction issues. Public offices are given more time to respond to requests for large volumes of records and less time for requests with fewer responsive records. *State ex rel. Shaughnessy v. City of Cleveland*, 2016-Ohio-8447, ¶ 14; *Kesterson*, 2018-Ohio-5108, ¶ 17; *State ex rel. Patituce & Assocs., LLC v. City of Cleveland*, 2017-Ohio-300, ¶ 7 (8th Dist.); *Easton Telecom Servs., L.L.C. v. Village of Woodmere*, 2019-Ohio-3282, ¶¶ 46-49 (8th Dist.); *State ex rel. Clark-Shawnee Local School Dist. Bd. of Edn. v. City of Springfield*, 2024-Ohio-2483, ¶ 26 (2d Dist.); *State ex rel. Miller v. Ohio Dept. of*

*Edn.*, 2016-Ohio-8534, ¶ 8 (10th Dist.); *Ware*, 2022-Ohio-3562, ¶ 19. Relatedly, more time is allowed if the volume or nature of responsive records make legal review and redaction more time consuming. Compare *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 2017-Ohio-8988, ¶ 59 and *Anderson v. Greater Cleveland Regional Transit Auth.*, 2018-Ohio-3653, ¶ 7, adopted, 2018-Ohio-4596 (Ct. of Cl.) with *Miller*, 2016-Ohio-8534, ¶ 8; *State ex rel. Simonsen v. Ohio Dept. of Rehab. & Correction*, 2009-Ohio-442, ¶ 10 (10th Dist.); *State ex rel. Korecky v. City of Cleveland*, 2020-Ohio-273, ¶ 19. The volume of records responsive to Mr. Schaffer's request was insignificant, only 23 pages. There were minimal redaction issues. This too suggests that OSU's response time was unreasonable.

{¶19} Third, the production only occurred after litigation commenced. Courts are more likely to find a delayed production unreasonable if it occurs after suit was filed. *Miller*, 2016-Ohio-8534, ¶ 8; *Ware*, 2022-Ohio-3562, ¶ 19; *State ex rel. Schumann v. City of Cleveland*, 2020-Ohio-4920, ¶ 9 (8th Dist.); *Staton v. Village of Timberlake*, 2023-Ohio-1860, ¶ 13, adopted 2023-Ohio-2322. That makes sense; it is difficult to justify delays that require requesters on one hand, and the courts and public offices (and the taxpayers who fund both) on the other, to expend time and money on avoidable controversies. That is what we have here.

{¶20} I therefore recommend that the court find that OSU violated R.C. 149.43(B)(1)'s mandate to timely respond to record requests.

{¶21} That said, I recommend against Mr. Schaffer's claim for R.C. 149.43(C)(2) damages. That statute states that damages do not begin to accrue until "the requester files a mandamus action[.]" Mr. Schaffer has not filed a mandamus action but has instead taken the other action authorized by R.C. 149.43(C), a case under R.C. 2743.75. He therefore has no right to damages under the standard set by R.C. 149.43(C)(2). Further, precedent from this court bars Mr. Schaffer's claim for damages; it has consistently held that R.C. 149.43(C)(2) damages are not available in cases brought pursuant to R.C. 2743.75. *Staton v. Village of Timberlake*, 2023-Ohio-1860, ¶ 20, adopted 2023-Ohio-2322 (Ct. of Cl.); *info4um.com v. City of Cincinnati*, 2018-Ohio-1553, ¶ 10, adopted 2018-Ohio-2625 (Ct. of Cl.).

**B. Request 24-940.**

This request sought:

1. All "records" as defined under ORC149.011(G) that document the the roster of employees for LEarfield Ticket Sales that have access to the OSU Ticketmaster Archtics Platform as of the date of this request. I would like the lsit to include full name, work phone, work email, and job title. Essentially this is a report of all Ticket Sales staff members for Learfield employed via the contract with OSU for outsourcing Ticket Sales.

2. All commission reports including names, dates, amounts, itemized sales, percentage paid to Learfield under this contract outsourced staffing contract between January 1, 2023-December 31, 2023.

3. All text messages and phone call logs between Mr. Diebler (Mens Basketball Coach) and Mr. Bjork between March 13-March 17 with the subject matter concerning Mr. Diebler status as interim coach and pendency of permanent status as mens basketball head coach, including but not limited to all text messages and phone call logs detailing setting up a "meeting" as described by Mr. Diebler here (see about 5:30 mark): https://www.youtube.com/watch?        v=ES1JKJxbRcs        *Respondent's Evidence*, p. 40 (sic.).

{¶22} This request was made on March 21, 2024. OSU did not complete its response until October 3, 2024. Mr. Schaffer challenges OSU's redactions of the records produced and the timeliness of its response. *Requester's Evidence*, pp. 15-32; *Respondent's Evidence*, pp. 37-40, 42, 43, 45, 46, 48, 53-64.

**1. Requester has not shown that the redacted contact information fit within R.C. 149.011(G)'s definition of "record." Respondent has not shown that R.C. 149.43(A)(1)(dd) justifies the redactions of tax and banking information about its business partner.**

{¶23} Mr. Schaffer's amended complaint challenges the redactions to the records of communications between Mr. Deibler and Mr. Bjork sought in part 3 of this request. His evidentiary submission also challenges the redactions to the commission reports requested in part 2 of this request. Although the court would normally not consider challenges not made in the operative complaint, *Schaffer v. Ohio State Univ*., 2024-Ohio-2185, ¶¶ 58-65, adopted 2024-Ohio-2625 (Ct. of Cl.), it should do so here because those redactions were only made *after* the amended complaint was filed and hence could not have been addressed in that complaint.

{¶24} *Redactions to communications*. These redactions conceal Mr. Deibler's personal cell phone number. OSU denies that Mr. Deibler's cell number is a record that must be produced. As discussed in connection with request 24-907, the personal contact information of persons dealing with a public office does not sufficiently document the office's activities to be a record unless it sheds light on some aspect of the office's activities. Further, the party seeking such information has the burden of proving that it would shed such light. *Johnson*, 2005-Ohio-4384, ¶¶ 19, 22, 24, 25, 27, 28. Mr. Schaffer has produced no evidence that Mr. Deibler's personal cell number would shed light on OSU's activities. He has therefore failed to meet his burden of proving that OSU improperly redacted Mr. Deibler's cell number.

{¶25} *Redactions of EIN and banking information*. OSU redacted the employer information number and bank account/routing numbers of Learfield Amplify Ticketing, LLC, a company it does business with. *Respondent's Evidence*, pp.53-60. OSU has the burden of proving the propriety of those redactions, *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 35, and points to R.C. 149.43(A)(1)(dd) and R.C. 149.45(A)(1)(b), (d), and (e) to in an attempt to meet that burden.

{¶26} OSU's argument is rebutted by the plain language of those statues. R.C. 149.43(A)(1)(dd) does exempt "[p]ersonal information, as defined in section 149.45 of the Revised Code" from the class of public records, but R.C. 149.45's definition of "personal information" does not cover the information OSU redacted. It defines "personal information" as certain types of information about an "individual[]." The "term 'individual' means a natural person, and does not include a" business entity. *Toledo Metro Fed. Credit Union v. Ted Papenhagen Oldsmobile, Inc*., 56 Ohio App.2d 218, 221 (6th Dist.1978) (construing R.C. 1345.019(A)). Learfield Amplify Ticketing, LLC is a business entity, not a person. Information about it is therefore outside the scope of R.C. 149.43(A)(1)(dd) and R.C. 149.45(A)(1)(b), (d), and (e).

{¶27} I therefore recommend that the court order OSU to produce unredacted copies of the records filed at pp. 53-60 of its evidence.

**2. Respondent unreasonably delayed its response to this request.**

{¶28} OSU did not fully respond to this request until October 3, 2024, 137 working days after the request was made. It produced 12 pages of responsive records containing 18 redactions. *Respondent's Evidence*, pp. 48, 53-64.

{¶29} That response time was unreasonable based on the factors discussed in connection with request 94-907 above. It far exceeds response times found unreasonable in other cases. *Ware*, 2022-Ohio-3562, ¶ 17. The volume of records involved was minimal, and the redactions were light and straightforward. OSU did not respond until well after this case was filed. I therefore recommend that the court find that OSU violated R.C. 149.43(B)(1)'s mandate of prompt production with regard to this request.

{¶30} However, as discussed in connection with request 94-907, the plain text of R.C. 149.43(C)(2) precludes the damages Mr. Schaffer seeks.

## C. Request 24-1012.

This request sought:

"1. All Offer Letters, Memorandums of Understanding, and any other documents evidencing offer and acceptance of employment between OSU and Carlos Locklyn.

3. All emails, text messages and hone call logs between Carlos Locklyn and all staff members of the OSU Athletic Dept regarding his direct employment and status of potential employment as Running Backs Coach for the OSU Football Team.

Time frame would be from March 13, 2024 thru April 4, 2024" *Respondent's Evidence*, p. 66 (Sic.)

{¶31} Mr. Schaffer made this request on April 4, 2024. OSU did not fully respond until July 25, 2024. Mr. Schaffer claims that OSU failed to produce some records responsive to this request, challenges the redactions to the records requested, and challenges the timeliness of OSU's response. *Requester's Evidence*, pp. 34, 35, 38-66; *Respondent's Evidence*, pp. 65-67, 69-95.

### 1. Requester has not shown that respondent has additional responsive records.

{¶32} OSU's final response to this request stated that it had produced all records responsive to this request. Mr. Schaffer disputes that, asserting that OSU failed to

produce communications between Mr. Locklyn and C.J. Alfani, and a log of those communications.

{¶33} As discussed in connection with request 94-907, a requester who disputes a public office's assertion that it has produced all responsive records has the burden of showing that additional responsive records exist. Mr. Schaffer has produced no evidence that the additional records he seeks actually exist. He has therefore failed to carry his burden of proof on this claim.

### 2. Requester has not shown that the redacted materials were records within the meaning of R.C. 149.011.

{¶34} The only redactions to the records produced in response to this request obscured the personal cell phone numbers of two OSU coaches. That was based on the assertion that those numbers were not records within the meaning of R.C. 149.011(G).

{¶35} As discussed in connection with request 94-907, the personal contact data of persons dealing with the government are generally not records unless they shed light on specific governmental activities. Further, the party seeking that information has the burden of proving that the information would shed such light. *Johnson,* 2005-Ohio-4384, ¶¶ 19, 22, 24, 25, 27, 28. Mr. Schaffer has produced no evidence that the cell phone numbers at issue here would shed light on OSU's activities. He has therefore failed to meet his burden of proving that OSU improperly redacted those numbers.

### 3. Respondent unreasonably delayed its response to this request.

{¶36} OSU did not fully respond to this request until July 25, 2024, 78 working days after the request was made. It produced 37 pages of responsive records containing four redactions. *Respondent's Evidence*, pp. 65, 69-95.

{¶37} That response time was unreasonable based on the factors discussed in connection with request 94-907 above. It exceeds response times found unreasonable in other cases. *Ware,* 2022-Ohio-3562*,* ¶ 17. The volume of records involved was not large, and the redactions were light and straightforward. OSU did not respond until well after this case was filed. I therefore recommend that the court find that OSU violated R.C. 149.43(B)(1)'s mandate of prompt production with regard to this request.

{¶38} However, as discussed in connection with request 94-907, the plain text of R.C. 149.43(C)(2) precludes the damages Mr. Schaffer seeks.

**C.      Requests 24-1397, 24-1411, 24-1478, and 24-1490.**

{¶39} It is settled law that a "court should not consider any claim concerning records that were not requested prior to commencing the action[.]" *State ex rel. Strothers v. Keenon*, 2016-Ohio-405, ¶ 10 (8th Dist.); *Doe v. Ohio State Univ*., 2023-Ohio-4880, ¶ 36, adopted 2024-Ohio-565 (Ct. of Cl.); *Alt v. Cuyahoga Cty. Probation Dept*., 2017-Ohio-4250, ¶ 8, fn. 1, adopted 2017-Ohio-5768 (Ct. of Cl.). This case was commenced on May 24, 2024. *Complaint*, filed May 24, 2024. These requests were made on June 6, 7, 12, and 13 of 2024. *Requester's Evidence*, pp. 99, 141, 160, 208. Claims based on those requests are therefore beyond the scope of this case.

**D.      Requester is entitled to recover his filing fee and costs; respondent should bear the balance of the costs**.

{¶40} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office *** the amount of the filing fee *** and any other costs associated with the action[.]" Mr. Schaffer was aggrieved by OSU's delay in responding to his requests and improper redaction of tax and banking information. I therefore recommend that he recover his filing fee and the costs he incurred in this case. I also recommend that OSU bear the balance of the costs of this case.

**III.    Conclusion**.

In light of the foregoing, I recommend that the court:

A.  Order respondent to produce unredacted copies of the records filed as pp. 53-60 of its evidence.

B.  Find that respondent failed to respond to requester's public records requests within a reasonable period of time.

C.  Order that requester recover is filing fee.

D.  Assess the costs of this case against respondent.

E.  Deny all other relief.

{¶41} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Filed November 7, 2024**
**Sent to S.C. Reporter 12/20/24**