[Cite as *Gundersen v. Univ. Hts. Hous. Dept.*, 2025-Ohio-5269.]

### IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| CANDACE GUNDERSEN | Case No. 2025-00595PQ |
| Requester | Special Master Todd Marti |
| v. | REPORT AND RECOMMENDATION |
| CITY OF UNIVERSITY HEIGHTS HOUSING DEPARTMENT | |
| Respondent | |

{¶1} This case is before me for a R.C. 2743.75(F) report and recommendation. I recommend that the court (1) find that respondent unreasonably delayed its response to requester's April 16, 2025, public records request, (2) order respondent to pay requester's filing fee, costs, and the other costs of this case, and (3) deny all other relief.

I.  **Background**.

{¶2} Requester Candace Gundersen has a dispute with the owners of two properties located within the respondent City of University Heights ("the City"). She made a number of public records requests to the City related to that dispute.

{¶3} Two requests are central to this case. On April 15, 2025, she requested copies of "any applicable ordinance timelines, policies, or procedures governing the referral process to the prosecutor's office" of housing code violations. On April 16, 2025, she requested copies of various records related to the two properties that are the subject of the dispute mentioned above. *Complaint,* filed June 23, 2025, pp. 6, 14.[1]

{¶4} On May 19, 2025, Ms. Gundersen served the City with a draft R.C. 2743.75 complaint as required by R.C. 149.43(C)(1). On May 30, June 3, and June 5, 2025, she made additional public records requests to the City. *Id*. at pp. 4-12, 21-32.

---

[1] All references to specific pages of requester's filings are to the pages of the PDF copies posted on the court's docket.

{¶5} Ms. Gundersen filed this case on June 23, 2025. Her complaint sought production of records and findings that the City violated R.C. 149.43(B) by unreasonably delaying its response to her requests and in other ways. Mediation did not resolve the case, so a schedule was set for the parties to file evidence and memoranda supporting their positions. The parties have made the filings allowed by that schedule, making this case ripe for decision. *Id*., *Order Terminating Mediation*, entered August 20, 2025; *Order*, entered September 8, 2025; *Order*, entered September 10, 2025; *Order*, entered October 1, 2025; *Orders*, entered October 14, 2025.

## II.  Analysis.

### A.  Requester is not entitled to any relief regarding her April 15, 2025, request.

{¶6} Ms. Gundersen makes four claims regarding the City's response to the April 15 request. None have merit.

{¶7} *Production*. The city has produced no records in response to this request because it asserts that it has no responsive records. *Complaint*, p. 10. It did not support that assertion with sworn evidence, so Ms. Gundersen was required to provide some evidence that the City has responsive records. *Sell v. Trumbull Cty. Juv. Div*., 2024-Ohio-6139, ¶ 6 (Ct. of Cl.). She has not done so. To the contrary, her submissions acknowledge that the city has consistently stated that it does not have these records. *Complaint*, p. 29; *Requester's Evidence and Exhibits*, filed September 5, 2025, p. 9. Her production claim based on this request therefore fails for want of proof.

{¶8} *Sworn Certification*. Ms. Gundersen claims that the City violated R.C. 149.43 by not providing a sworn certification that it has no records responsive to this request. R.C. 149.43 does not require such certifications. *Ryan v. City of Ashtabula*, 2023-Ohio-621, ¶ 22. Adopted, 2023-Ohio-1487 (Ct. of Cl.). This claim fails as a matter of law.

{¶9} *Acknowledgement*. Ms. Gundersen claims that the City violated R.C. 149.43 by failing to acknowledge this request. The City provided unrebutted proof that it acknowledged this request on April 18, 2025. *Complaint*, p. 10. This claim fails for want of proof.

{¶10} *Delay*. Ms. Gundersen made this request late on April 15. The City informed her that it had no responsive records on April 18, less than three full days later. *Id*., pp. 6, 10. That is a reasonably prompt response.

{¶11} I therefore recommend that the court grant no relief in connection with requester's April 15, 2025, public records request.

**B. Respondent unreasonably delayed its response to the April 16, 2025, request, but otherwise did not violate R.C. 149.43(B) regarding that request**.

{¶12} *Production*. The City asserts, without supporting sworn evidence, that it has produced all records responsive to this request. Ms. Gundersen was consequently required to come forward with some evidence that the City has additional responsive records. *Sell*, 2024-Ohio-6139, ¶ 6. She has not done so. Her production claim therefore fails for want of proof.

{¶13} *Acknowledgement*. Ms. Gundersen's claim that the City failed to acknowledge this request is rebutted by the City's documentary evidence. *Complaint*, p. 10.

{¶14} *Delay*. R.C. 149.43(B)(1) mandates that "upon request *** a public office *** shall make copies of the requested public record available to the requester *** *within a reasonable period of time*." (Emphasis added). A public office's compliance with that requirement is evaluated based on the facts and circumstances of the request. *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶ 10; *State ex rel. Kesterson v. Kent State Univ*., 2018-Ohio-5108, ¶ 16. Several aspects of this case establish that the City's delay in responding to the April 16 request violated R.C. 149.43(B)(1).

{¶15} First, the delay here is longer than delays found unreasonable in similar cases. Although each delay claim turns on its own facts, some guidance is provided by similar cases. It took the City more than three months to completely respond to Ms. Gundersen's April 16 request. That is longer than the delays found to be unreasonable in other cases. *State ex rel. Ware v. Bur. of Sentence Computation*, 2022-Ohio-3562, ¶ 17 (10th Dist.); *Jones v. Columbus Div. of Police*, 2025-Ohio-465, ¶ 21 (10th Dist.) (Surveying cases). While not conclusive, these cases suggest that the delay involved here was unreasonable.

{¶16} Second, the request involved a limited number of records and presented limited review/redaction issues. Public offices are given more time to respond to requests for large volumes or diverse types of records. Conversely, they are allowed less time for narrower requests. Compare *State ex rel. Shaughnessy v. City of Cleveland*, 2016-Ohio-8447, ¶ 14; *Kesterson*, 2018-Ohio-5108, ¶ 17; *State ex rel. Patituce & Assocs., LLC v. City of Cleveland*, 2017-Ohio-300, ¶ 7 (8th Dist.); and *Easton Telecom Servs., L.L.C. v. Village of Woodmere*, 2019-Ohio-3282, ¶¶ 46-49 (8th Dist.); with *Miller v. Ohio Dept. of Education,*, 2016-Ohio-8534, ¶ 8 (10th Dist.); *State ex rel. Ware v. Bur. of Sentence Computation*, 2022-Ohio-3562, ¶ 19 (10th Dist.); and *Foulk v. City of Upper Arlington*, 2017-Ohio-4249, ¶ 11, adopted 2017-Ohio-5767 (Ct. of Cl.). Relatedly, more time is allowed if the volume or nature of responsive records will make legal review and redaction more time consuming. Compare *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 2017-Ohio-8988, ¶ 59 and *Anderson v. Greater Cleveland Regional Transit Auth.*, 2018-Ohio-3653, ¶ 7, adopted, 2018-Ohio-4596 (Ct. of Cl.) with *Miller*, 2016-Ohio-8534, ¶ 8; *State ex rel. Simonsen v. Ohio Dept. of Rehab. & Correction*, 2009-Ohio-442, ¶ 10 (10th Dist.); *State ex rel. Korecky v. City of Cleveland*, 2020-Ohio-273, ¶ 19 (8th Dist.); *Ware*, 2022-Ohio-3562, ¶ 19.

{¶17} The request at issue here was limited. Quantitively, it generated a relatively small volume of responsive records, approximately 340 pages. *Respondent's Responses to Requester and Responsive Records Provided to Requester,* filed September 19, 2025, pp. 7-21, 38-102, 106-325.[2] Qualitatively, there were no redactions. It should not have taken the City multiple months to completely produce all responsive records.

{¶18} Third, the production only occurred after litigation commenced. Courts are more likely to find delayed production unreasonable if it occurs after litigation commenced. *Miller*, 2016-Ohio-8534, ¶ 8; *Ware*, 2022-Ohio-3562, ¶ 19; *State ex rel. Schumann v. City of Cleveland*, 8th Dist. Cuyahoga No. 109776, 2020-Ohio-4920, ¶ 9. That makes sense; it is difficult to justify a delay that requires the requester on one hand, and the courts and the public office (and the taxpayers who fund both) on the other, to expend time and money on avoidable litigation. That is what we have here.

---

[2] The references to specific pages of this filing are to the bates numbers attached to those pages.

{¶19} Fourth, the City has offered no explanation for that delay. Other courts have held that is an indicia of undue delay. *Ware*, 2022-Ohio-3562, ¶ 19; *State ex rel. Clark-Shawnee Local School Dist. Bd. of Edn. v. City of Springfield*, 2024-Ohio-2483, ¶ 26 (2d Dist.).

{¶20} I therefore recommend that the court find that the City unreasonably delayed its response to the April 16 request, but did not otherwise violate R.C. 149.43 in connection with that request.

## C. No other requests are properly before the court.

{¶21} Ms. Gundersen's evidentiary submission and complaint assert that the City violated R.C. 149.43 in connection with several other record requests, but none of those requests are properly before the court.

{¶22} Ms. Gundersen's evidentiary submission argues that the City violated R.C. 149.43 with regard to requests she made on January 7 and April 10, 2025. Those requests were not referenced in her complaint. She is therefore entitled to no relief regarding those requests. *Schaffer v. Ohio State University,* 2024-Ohio-2185, ¶¶ 58-64, adopted 2024-Ohio-2625 (Ct. of Cl.).

{¶23} Ms. Gundersen also raises claims based on requests made May 30, June 3 and June 5, but any claims based on those requests are barred by R.C. 149.43(C)(1). That statute requires a party contemplating suit to enforce public records requests to serve the putative respondent with a draft complaint outlining its claims and to give that respondent at least three working days to respond. It prohibits suit on the requests before the three-day period passes. The obvious purpose of that requirement is to give the respondent an opportunity to resolve the claims before being sued.

{¶24} Ms. Gundersen gave the city the requisite three-day notice in connection with her April 15 and 16 requests on May 19, 2025. She did not do so with regard to her May 30, June 3 and June 5 requests because those requests were made after the May 19 notice, the only R.C. 149.43(C)(1) notice she gave. Suit on those requests is therefore barred by R.C. 149.43(C)(1).

## D. Requester is entitled to recover her filing fee and costs; respondent should bear the balance of the costs.

{¶25} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office . . . the amount of the filing fee . . . and any other costs associated with the action[.]" Ms. Gundersen was aggrieved by the City's delay in finally fulfilling her April 16 request. I therefore recommend that she recover her filing fee and the costs she incurred in this case. I also recommend that the City bear the balance of the costs of this case.

## III. Conclusion.

{¶26} In light of the foregoing, I recommend the court:

A. Find that respondent unreasonably delayed its response to requester's April 16, 2025, public records request;

B. Order that respondent pay requester's filing fee, costs, and the other costs of this case, and;

C. Deny all other relief.

{¶27} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Filed October 30, 2025**
**Sent to S.C. Reporter 11/24/25**