[Cite as *Kearns v. Nelsonville Police Dept.*, 2025-Ohio-736.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| KEVIN KEARNS | Case No. 2024-00902PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| NELSONVILLE POLICE DEPARTMENT | |
| Respondent | |

{¶1} This matter is before me for a R.C. 2743.75(F) report and recommendation. I recommend that the court (1) order respondent to produce the body camera footage at issue without redactions regarding the arrestee's telephone number, (2) order respondent to produce that partially unredacted footage within 30 days of a judgment adopting this report and recommendation, (3) order respondent to file and serve a certification that it has produced the partially unredacted footage within 40 days of a judgment adopting this report and recommendation, (4) find that respondent unreasonably delayed the production of the body camera footage, (5) award requester his filing fee and costs, (6) order respondent to pay the balance of the costs of this case, and (7) deny all other relief.

## I.   Background.

{¶2} Alexandria Roberts drove her car, containing two minors, into a ditch late one evening.  One of the minors was injured. Ms. Roberts was arrested for driving while intoxicated. All that occurred in Nelsonville, Ohio.

{¶3} Requester Kevin Kearns made a public records request to respondent Nelsonville Police Department ("Nelsonville") for incident/police reports and body camera footage related to Ms. Roberts' arrest. That request was made on December 23, 2023. Nelsonville provided the reports in February of 2024, but had not

produced the body camera footage when this case was filed in December of 2024. *Complaint*, filed December 23, 2024, p. 1; P.Q. Miscellaneous, *Notice of Filing Evidence*, filed January 15, 2025, ("*Requester's Evidence*") pp. 5-12.

{¶4} This case seeks the production of body camera footage and a finding that Nelsonville violated R.C. 149.43(B)(1) by unreasonably delaying the production of the footage. Mediation was bypassed because of how long the underlying records request had been pending. A schedule was set for respondent to file the body camera footage for in camera review and for both the parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Order Bypassing Mediation*, entered January 3, 2025.

## II.  Analysis.

### A. Respondent should be ordered to produce the body camera footage without redactions based on the arrestee's phone number.

{¶5} Nelsonville produced four clips of body camera footage after this case was filed. They show that one officer arrived where an automobile had became stuck in a ditch as a result of the driver's intoxication. The driver was 19 year old Alexandria Roberts. Two minors were in the car and on the scene when that officer arrived. One of the minors was injured. Another officer arrived later and mostly dealt with the minors. PQ Miscellaneous, *Respondent's Index Summarizing Redactions To Bodycam Footage*, filed January 17, 2025 ("*Index*"); PQ Miscellaneous, *Notice of Filing Flash Drive With Redacted and Unredacted Versions of Bodycam Footage*, filed January 17, 2025.

{¶6} Those clips were produced in redacted form to Mr. Kearns and filed in unredacted form for in camera review. *Id*.  Mr. Kearns' claim for production of the footage is therefore moot, except as to any redactions he disputes. See generally, *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶¶ 17-18, 22.

{¶7} Mr. Kearns only disputes two sets of redactions. One contains redactions that obscure the names/identities of the minors. The other obscures audio revealing Ms. Roberts' telephone number. Those are the only redactions at issue here.

#### 1. Respondent properly redacted the images of and information about the minors.

{¶8} Nelsonville's index to its redactions indicates that many obscured the "Name of a minor" or the "Identity of a minor." *Index*, pp. 3-17, 19-23, 25-29, 31, 38-46. The *Index* further indicates that those redactions were based on R.C. 149.43(A)(1)(jj) and R.C. 149.43(A)(17)(a). *Id.*, p. 2.

{¶9} R.C. 149.43(A)(17)(a) exempts images and information "that could lead to the identification of a child who is *a primary subject of the recording*" from the class of public records. (Emphasis added). The term "primary" connotes more than quantitative or proportional primacy, it also has a qualitative sense. Common usage establishes that something can be "primary" if it is "basic, fundamental"[1] or "essential"[2] to the subject considered. Precedent, albeit in another context, recognizes that something can be "primary," even if it is not the quantitatively predominate feature of the thing considered, so long as it is essential to that thing. *Ace Steel Baling v. Porterfield*, 19 Ohio St.2d 137, 140-141 (1969); *AT&T Technologies v. Limbach*, 71 Ohio St.3d 11, 13 (1994)

{¶10} A child can therefore be a "primary" subject of a law enforcement recording if addressing the child's needs was an essential part of law enforcement's response to the situation prompting the recording. That is reinforced by R.C. 149.43(A)(17)(a)'s statement that images are exempted if the child is "a"—rather than "the"—primary subject of the recording. The images and information about the children in these clips were therefore properly redacted if they captured essential aspects of Nelsonville's response to the situation captured in the footage.

{¶11} They did. Nelsonville was responding to the situation that resulted from Ms. Roberts' vehicle ending up in a ditch. That occurred past the local curfew for minors, and Ms. Roberts' vehicle contained two minors. Further, one of those minors was injured in the incident. It was therefore essential for Nelsonville to deal with those minors' situations, the footage recorded the actions Nelsonville took to do so, and that made the minors one of the "primary subject[s]" of the recordings. Nelsonville's redactions of images and information identifying the children were therefore proper.

---

[1] *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/primary (accessed February 6, 2025).

[2] *Vocabulary.com*, https://www.vocabulary.com/dictionary/primary (accessed February 6, 2025).

{¶12} That conclusion is not changed by the fact that Nelsonville did not produce extrinsic evidence concerning the minors' involvement in the incident. The matters just discussed were "obviously apparent and manifest just from the content of the" clips. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 35.

### 2. The redaction of the arrestee's telephone number was improper.

{¶13} Nelsonville redacted a few seconds of audio from one of the clips because they revealed Ms. Roberts' telephone number. It justified that redaction by indicating that the redacted audio recorded "Personal info phone number." *Index*, p. 33. I take that to be a reference to R.C. 149.43(A)(1)(dd)'s personal information exemption. That statute exempts "personal information" as it is defined by R.C. 149.45(A)(1). Telephone numbers are not among the types of information listed in R.C. 149.45(A)(1). Nelsonville's redaction of Ms. Roberts' telephone number was therefore improper.

### A. Respondent unreasonably delayed its response to this request.

{¶14} R.C. 149.43(B)(1) mandates that "upon request . . . a public office . . . shall make copies of the requested public record available to the requester . . . within a reasonable period of time." A public office's compliance with that requirement is evaluated based on the facts and circumstances of the request. *State ex rel. Morgan v. Strickland*, 2009-Ohio-1901, ¶ 10; *State ex rel. Kesterson v. Kent State Univ.*, 2018-Ohio-5108, ¶ 16. Several aspects of Nelsonville's response establish that it violated R.C. 149.43(B)(1)'s timeliness requirement.

{¶15} First, the delay here was far longer than delays found unreasonable in other cases. Although each delay claim turns on its own facts, some guidance is provided by other cases. Nelsonville's response time was over a year. Other courts have found far shorter delays unreasonable. *State ex rel. Ware v. Bur. of Sentence Computation,* 2022-Ohio-3562*,* ¶ 17 (10th Dist.) (surveying cases). While not conclusive, that strongly suggests that Nelsonville's response time was unreasonable.

{¶16} Second, the request involved a relatively limited number of records and presented relatively limited review/redaction issues. Public offices are given more time to respond to requests for large volumes of records and less time for requests with fewer responsive records. *State ex rel. Shaughnessy v. City of Cleveland*, 2016-Ohio-8447, ¶

14; *Kesterson*, 2018-Ohio-5108, ¶ 17; *State ex rel. Patituce & Assocs., LLC v. City of Cleveland*, 2017-Ohio-300, ¶ 7 (8th Dist.); *Easton Telecom Servs., L.L.C. v. Village of Woodmere*, 2019-Ohio-3282, ¶¶ 46-49 (8th Dist.); *State ex rel. Clark-Shawnee Local School Dist. Bd. of Edn. v. City of Springfield*, 2024-Ohio-2483, ¶ 26 (2d Dist.); *State ex rel. Miller v. Ohio Dept. of Edn.*, 2016-Ohio-8534, ¶ 8 (10th Dist.); *Ware*, 2022-Ohio-3562, ¶ 19. Relatedly, more time is allowed if the volume or nature of responsive records make legal review and redaction more time consuming. Compare *State ex rel. Cincinnati Enquirer v. Pike Cty. Coroner's Office*, 2017-Ohio-8988, ¶ 59 and *Anderson v. Greater Cleveland Regional Transit Auth.*, 2018-Ohio-3653, ¶ 7, adopted, 2018-Ohio-4596 (Ct. of Cl.) with *Miller*, 2016-Ohio-8534, ¶ 8; *State ex rel. Simonsen v. Ohio Dept. of Rehab. & Correction*, 2009-Ohio-442, ¶ 10 (10th Dist.); *State ex rel. Korecky v. City of Cleveland*, 2020-Ohio-273, ¶ 19.  The volume of records responsive to Mr. Kearns' request was not large. The redaction issues were relatively straight forward, certainly not so complicated as to take more than a year to work through. This too suggests that Nelsonville's response time was unreasonable.

{¶17} Third, the production only occurred after litigation commenced. Courts are more likely to find a delayed production unreasonable if it only occurs after suit was filed. *Miller*, 2016-Ohio-8534, ¶ 8; *Ware*, 2022-Ohio-3562, ¶ 19; *State ex rel. Schumann v. City of Cleveland*, 2020-Ohio-4920, ¶ 9 (8th Dist.); *Staton v. Village of Timberlake*, 2023-Ohio-1860, ¶ 13, adopted 2023-Ohio-2322. That makes sense; it is difficult to justify delays that require requesters on one hand, and the courts and public offices (and the taxpayers who fund both) on the other, to expend time and money on avoidable controversies. That is what we have here.

{¶18} Fourth, Nelsonville has offered no explanation for its wasteful delay. Other courts have held that is an indicia of undue delay. *Ware*, 2022-Ohio-3562, ¶ 19; *Clark-Shawnee*, 2024-Ohio-2483, ¶ 26.

{¶19} I therefore recommend that the court find that Nelsonville violated R.C. 149.43(B)(1)'s mandate to timely respond to record requests.

**C. Requester is entitled to recover his filing fee and costs; respondent should bear the balance of the costs**.

{¶20} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office *** the amount of the filing fee *** and any other costs associated with the action[.]" Mr. Kearns was aggrieved because Nelsonville violated R.C. 149.43(B) by redacting the footage based on the arrestee's telephone number and by failing to timely produce the footage. I therefore recommend that he recover his filing fee and the costs he incurred in this case. I also recommend that Nelsonville bear the balance of the costs of this case.

### III. Conclusion.

{¶21} In light of the foregoing, I recommend that the court:

A. Order respondent to produce the body camera footage at issue without redactions regarding the arrestee's telephone number.

B. Order respondent to produce that partially unredacted footage within 30 days of a judgment adopting this report and recommendation.

C. Order respondent to file and serve a certification that it has produced the partially unredacted footage within 40 days of of a judgment adopting this report and recommendation.

D. Find that respondent unreasonably delayed the production of the body camera footage.

E. Award requester his filing fee and costs.

F. Order respondent to pay the balance of the costs of this case.

G. Deny all other relief.

{¶22} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Filed February 6, 2025**
**Sent to S.C. Reporter 3/6/25**