[Cite as *Kearns v. Fairfield Police Dept.*, 2025-Ohio-2003.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| KEVIN KEARNS | Case No. 2025-00017PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| FAIRFIELD POLICE DEPARTMENT | |
| Respondent | |

**{¶1}** This matter is before me for a R.C. 2743.75(F) report and recommendation. I recommend that the court: (1) order respondent to produce the video listed in the appendix to this recommendation without the redactions identified in that appendix, (2) order respondent to take that action within 30 days of the entry of a judgment regarding this report and recommendation, (3) order respondent to certify its performance of that action within 40 days of the entry of a judgment regarding this report and recommendation, (4) order that respondent pay requester's filing fee and costs, and (6) order respondent to pay the balance of the costs of this case.

I. **Background**.

**{¶2}** The respondent Fairfield Police Department responded to an automobile accident involving Amber Randall and her minor daughter. The daughter was injured and taken to a hospital. Ms. Randall was arrested, booked at the Fairfield Police Station, and released. The accident scene, Ms. Randall's arrest, transportation to the police station, booking, and time at the station were captured in videos shot from cameras worn by Fairfield Police officers and attached to a police cruiser.

Requester Kevin Kearns made the following public records request to Fairfield:

"Pursuant to Ohio Revised Code section 149.43(8)(4), I am making the following anonymous public records request:

1) I am seeking all police body camera footage for all officers involved in the arrest of Amber Nicole Randall on November 26, 2023 (incident IR23-003976).

2) I am seeking the dash camera footage (if the police vehicle is so equipped) of the police vehicle driven by the officer who made the initial traffic stop.

3) I am seeking the in-car (backseat) camera footage (if the police vehicle is so equipped) of the police vehicle that transported Ms. Randall to the police station.

4) I am seeking a copy of the police report for this arrest, including the full narrative with the breath test result (if applicable)."

Fairfield produced the report and several redacted videos before this case was filed. *Complaint*, filed January 17, 2025, pp. 1, 2.[1]

**{¶3}** Mr. Kearns filed this case to compel the production of additional videos and to contest the redactions to the videos that had already been produced. Fairfield produced additional videos shortly after this case was filed and several more after the unsuccessful mediation session held in this case. A schedule was set for the parties to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *PQ Miscellaneous*, *Notice of Filing Evidence*, filed March 27, 2025 ("*Requester's Evidence*") pp. 4-6; *Order Terminating Mediation*, entered March 18, 2025; *Order*, entered March 26, 2025; *PQ Entry*, entered April 29, 2025.

## II. Analysis.

### A. Requester's claims are moot except for the disputed redactions.

**{¶4}** "In general, the provision of requested records to a [requester] in a public-records *** case renders the *** claim moot." *State ex rel. Cincinnati Enquirer v. Dupuis,* 2002-Ohio-7041, ¶ 8. A public records case can be mooted by the respondent producing the responsive records during the course of the litigation. *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶¶ 17-18, 22. Fairfield has now produced all the videos Mr. Kearn's requested, albeit subject to redactions. Mr. Kearns does not dispute any of the redactions except those to the videos from the body worn camera worn by Officer Sons and the front facing dash camera from the cruiser Officer Sons was driving. All claims other than those disputing the redactions to those two videos are therefore moot.

---

[1] All references to specific pages of filings in this case are to the pages of the PDF copies posted on the court's docket.

**B. Redactions**.

{¶5} The disputed redactions are based statutory exemptions from the Public Records Act. Fairfield therefore has the burden of proving that the redacted materials fit "squarely within the exemption[s]" it invokes; "it is not enough to say that a record is *probably* within" those exemptions. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶¶ 35, 63 (Emphasis in original.). Further, if "the exemption . . . is not obviously apparent and manifest just from the content of the record itself, factual evidence to establish the application of that exemption is necessary." *Id*. at ¶ 35.

### 1. R.C. 149.43(A)(1)(dd) and R.C. 149.45(A)(1).

{¶6} Fairfield relies on R.C. 149.43(A)(1)(dd) and R.C. 149.45(A)(1) to justify most of the disputed redactions. R.C. 149.43(A)(1)(dd) exempts "personal information" as defined by R.C. 149.45(A)(1) from the class of public records.

{¶7} Fairfield invoked R.C. 149.43(A)(1)(dd) and R.C. 149.45(A)(1) to redact audio that disclosed the telephone numbers of a friend/relative of Ms. Randall and a witness to the accident. *Sons body worn footage* at, 25:36-25:43 (friend/relative), 7:25-7:38 (witness). R.C. 149.43(A)(1)(dd) does not exclude telephone numbers, so the redaction of the friend's/relative's telephone number was improper. *Kearns v. Nelsonville Police Dept.*, 2025-Ohio-736, ¶ 13, adopted March 24, 2025 (Ct. of Cl. Case No. 2024-00902PQ), Although the witness's phone number was not covered by R.C. 149.45, its redaction was independently authorized by R.C. 149.32(A)(1)(mm). I therefore recommend that the redaction of the witness's phone number be sustained. See *State ex rel. Clark v. Toledo*, 62 Ohio St.3d 452, 454, (1992) (court has discretion to apply an exemption not asserted by respondent).

{¶8} There is a similar pattern regarding the redactions to the video from the dash mounted camera. Fairfield relied on R.C. 149.43(A)(1)(dd) and R.C. 149.45(A)(1) to support redactions that protected the identity of Ms. Randall's minor child. That information is not protected by those statutes, but is exempted from the class of public records by R.C. 149.43(A)(1)(jj) and 149.43(A)(17)(a), as discussed below. The court should therefore exercise its discretion to sustain these redactions. *Clark*, 62 Ohio St.3d at 454.

{¶9} Fairfield improperly redacted the audio regarding Ms. Randall's insurance information. That information is not protected by R.C. 149.45(A). *Kearns v. Boardman Twp. Police Dept*., 2025-Ohio-475, ¶ 17, adopted March 19, 2025 (Ct. of Cl. Case No. 2024-00776PQ).

{¶10} Fairfield properly invoked R.C. 149.43(A)(1)(dd) and R.C. 149.45(A)(1) to redact the information at 11:26-11:33 of the video from Officer Sons' body worn camera. That portion of the video shows Ms. Randall's driver license number, and that is exempted by R.C. 149.45(A)(1)(c). Further, that is sufficiently apparent from the video itself that no extrinsic evidence is necessary.

{¶11} The same cannot be said of the balance of the redactions Fairfield contends are justified by R.C. 149.43(A)(1)(dd). The images in the video lack sufficient size and/or clarity to allow one to perceive any information that might be covered by R.C. 149.45(A)(1). Because of that, the statute's applicability is not "obviously apparent and manifest just from the content of the record itself[.]" *Welsh-Huggins*, 2020-Ohio-5371, ¶ 35. And since Fairfield has provided no extrinsic evidence that protected information can somehow be gleaned from those portions of the video, the redactions should not be sustained.

## 2. R.C. 149.43(A)(1)(jj) and 149.43(A)(17).

{¶12} R.C. 149.43(A)(1)(jj) and 149.43(A)(17) exempt certain images and audio from body worn and dash mounted cameras based on their content. Fairfield argues that two types of content can be redacted based on those statutes.

{¶13} *The first is content identifying a child*. R.C. 149.43(A)(17)(a) exempts images or audio:

> "that could lead to the identification of a child who is a primary subject of the recording when . . . the law enforcement agency knows or has reason to know the person is a child based on the department's or law enforcement agency's records or the content of the recording."

{¶14} In camera review of the videos reveals that the portions redacted on this basis would indeed identify Ms. Randall's minor daughter. That is obvious and apparent from the content of the videos themselves.

{¶15} That is not changed by Mr. Kearns' argument that the redactions should be rejected because Ms. Randall's daughter was not the "primary subject of" the videos. "A child can . . . be a 'primary' subject of a law enforcement recording if addressing the child's needs was an essential part of law enforcement's response to the situation prompting the recording." *Nelsonville Police Dept*., 2025-Ohio-736, ¶ 10. Addressing the needs of a child injured in a traffic accident is indeed an essential part of law enforcement's response to the accident. *Id*. at ¶ 11. That is what occurred and was captured here.

{¶16} I therefore recommend that the court sustain Fairfield's redactions on this basis.

{¶17} *The second is video showing the interior of the Fairfield Police Station*. Although R.C. 149.43(A)(17)(p) and (q) do exempt images of the interiors of private residences and businesses, they do not exempt images of the interiors of public offices such as police stations. *Boardman*, 2025-Ohio-475, ¶ 25. I therefore recommend that the court reject these redactions.

\*\*\*

{¶18} Some of Fairfield's redactions were valid and some were not. The invalid redactions are listed in the appendix to this report. I recommend that Fairfield be ordered to produce copies of Officer Son's' body worn camera without the redactions listed in the appendix. I also recommend that Fairfield not be required to take any other action in response to Mr. Kearns' requests.

### C. Requester is entitled to recover his filing fee and costs; respondent should bear the balance of the costs.

{¶19} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office \*\*\* the amount of the filing fee \*\*\* and any other costs associated with the action[.]" Mr. Kearns was aggrieved by Fairfield making the redactions listed in the appendix. I therefore recommend that he recover his filing fee and the costs he incurred in this case. I also recommend that Fairfield bear the balance of the costs of this case.

## III.    Conclusion.

{¶20} In light of the foregoing, I recommend that the court:

A. Order respondent to produce the video listed in the appendix to this recommendation without the redactions identified in that appendix.

B. Order respondent to take that action within 30 days of the entry of a judgment regarding this report and recommendation.

C. Order respondent to certify its performance of that action within 40 days of the entry of a judgment regarding this report and recommendation.

D. Order that respondent pay requester's filing fee and costs.

E. Order respondent to pay the balance of the costs of this case.

{¶21} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Appendix of Improper Redactions**

**(All to video from Officer Son's body worn camera)**

| Time |
| --- |
| 0000-01:31 |
| 10:44-11:10 |
| 11:25-11:37 |
| 20:17-20:19 |
| 22:03-22:08 |
| 25:36-25:43 |
| 26:33-26:47 |
| 27:59-37:14 |
| 38:39-38:47 |

| |
|---|
| 38:59-39:01 |
| 40:08-40:49 |
| 41:06-41:09 |
| 41:30-41:36 |
| 42:04-42:06 |
| 50:10-53:50 |
| 53:55-1:07:01 |
| 1:07:35-1:09:10 |
| 1:09:17-1:09:25 |
| 1:09:28-1:09:50 |
| 1:09:53-1:10:02 |
| 1:10:31-1:11:03 |

**Filed May 7, 2025**
**Sent to S.C. Reporter 6/5/25**