[Cite as *Kearns v. Elyria Police Dept.*, 2025-Ohio-4334.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| KEVIN KEARNS | Case No. 2025-00387PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| ELYRIA POLICE DEPARTMENT | |
| Respondent | |

{¶1} This case is before me for a R.C. 2743.75(F) report and recommendation. I recommend that the court: (1) order respondent to produce copies of the recordings at issue without the redactions listed in the appendix to this report and recommendation; (2) order respondent to take that action within 30 days of the entry of a judgment adopting this report and recommendation; (3) order respondent to file an affirmation that it has taken that action within 40 days of the entry of a judgment adopting this report and recommendation; (4) order respondent to reimburse requester for his filing fee and costs; and (5) order respondent to pay the balance of the costs of this case.

## I. Background.

{¶2} Requester Kevin Kearns made a public records request to the respondent Elyria Police Department ("Elyria") for records related to the arrest of Madison O'Roark. Elyria produced some records, including redacted copies of recordings made from several officers' body worn cameras ("BWC"). *Complaint*, filed April 18, 2025.

{¶3} Mr. Kearns filed this case to challenge the redactions and compel the production of additional records. Mediation did not completely resolve the parties' dispute, so a schedule was set for Elyria to file materials for in camera review and for both parties to submit evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Id.*; *Order Terminating Mediation*, entered July 23, 2025.

## II. Analysis.

### A. Respondent should be ordered to produce copies of the recordings at issue without the redactions listed in the appendix to this report and recommendation.

{¶4} The parties have apparently resolved portions of their dispute, leaving only the redactions to three recordings at issue.

{¶5} If a redaction is based on an exemption from public record status the public office must prove the propriety of applying the exemption. A public office asserting an exemption must "prove facts clearly establishing the applicability of the exemption." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 27 (internal punctuation omitted). See also, *Id*. at ¶¶ 35, 54. It "does not meet this burden if it has not proven that the requested records fall squarely within the exception," and the courts "resolve any doubt in favor of disclosure." *Id*. at ¶¶ 27, 63. *See also id*. at ¶¶ 50, 63. The public office must produce extrinsic evidence if the applicability of the exemption is "not obviously apparent and manifest just from the content of the record itself[.]" *Id.* at ¶ 35. See also *id*. at ¶¶ 30, 50, 53. "Unsupported conclusory statements . . . are insufficient." *Id*. at ¶ 35.

#### 1. SHARED-MEDIATION-068-BWC 5.

{¶6} Six sets of redactions to this recording are contested here.[1]

{¶7} *Audio over police radio*. Elyria contends that the information discussed at 5:22 through 5:30 of this recording was personal information within the meaning of R.C. 143.49(A)(1)(dd) and R.C. 149.45(A). The inclusion of such information is not obviously apparent and manifest just from the content of the record itself and Elyria has provided no extrinsic evidence or argument explaining why this exemption applies. This redaction is not supported.

{¶8} *Blurring of faces of EMS personnel*. Elyria cites "HIPPA," R.C.149.011(A), R.C. 149.43(A)(1)(i) and R.C. 149.43(A)(17)(i) as support for these redactions. None of those laws support those redactions.

---

[1] This report and recommendation only considers the redactions Mr. Kearns specifically challenged. See *Trader v. Ontario Local School Dist*., 2025-Ohio-2374, ¶ 10, n. 2, adopted 2025-Ohio-2879 (Ct. of Cl.) and the cases discussed there.

{¶9} HIPPA. I construe Elyria's citation of "HIPPA" as referring to the Health Information Portability and Accountability Act. However, it is not obviously apparent and manifest just from the recording itself that Elyria is an entity subject to that law or that the law protects any of the redacted information. Elyria offers no extrinsic evidence or argument supporting the law's application on either level, so it has not carried its burden of proving this basis for these redactions.

{¶10} R.C. 149.011(A). This statute does nothing more than define the term "Public Office." It provides no support for these redactions.

{¶11} To the extent that Elyria intended this unexplained citation to challenge the redacted images' status as R.C. 149.011(G) records or R.C. 149.43(A)(1) public records because the EMS personnel were not employees of a public office that challenge fails. Even if those persons were employed by a private entity, the images document what this officer observed in the course of his official duties on behalf of Elyria, which is indisputably a public office.

{¶12} R.C. 149.43(A)(1)(i). This statute exempts records containing information made confidential by R.C. 2710.03 or R.C. 4112.05. Those latter statutes control mediations and proceedings before the Ohio Civil Rights Commission and hence do nothing to support these redactions.

{¶13} R.C. 149.43(A)(17)(i) protects health information about a person in a "health care facility." A health care facility is one of the types of buildings described in R.C.1337.11. This recording does not show any of those types of facilities. This provides no support for these redactions.

{¶14} *Blurring of face of defendant's mother who is in public*. Elyria provides no bases for this in addition to those discussed in connection with the redactions regarding the faces of EMS personnel. Those bases fail for the reasons discussed there.

{¶15} *Blacking out portions of video from inside an EMS ambulance*. This portion of the unredacted recording showed EMS personnel tending to the arrestees' injuries. It is therefore a R.C. 149.43(A)(1) and (3) medical record. That is obvious and apparent from the recording itself. This redaction was appropriate.

{¶16} *Audio muting that takes place inside an EMS ambulance*. These redactions obscured EMS personnel communicating with the arrestee and amongst themselves

about the arrestee's injuries and how to address them. They are therefore R.C. 149.43(A)(1) and (3) medical records. That is obvious and apparent from the recording itself. These redactions were appropriate.

{¶17} *Audio muting of conversation between law enforcement officers and EMS personnel*. These redactions occurred at 19:39-20:01 and 21:12-21:13. The unredacted copy of the recording captured personal, non-work related, banter between the officer wearing the BWC and the EMS personnel. Elyria cites R.C.149.43(A)(17)(n) to support these redactions. As relevant here, that statute protects "personal conversation[s] unrelated to work *. . . between* a . . . peace officer and an employee of a law enforcement agency." (emphasis added). Although one presumes that the officer wearing the BWC was a peace officer, there is no evidence that the EMS personnel were employed by a law enforcement agency. Further, the EMS personnel's employer is not obvious and apparent from the recording itself. This redaction is therefore improper.

## 2. SHARED-MEDIATION-132-BWC 4.

{¶18} Six sets of redactions to this recording are contested.

{¶19} *Audio muting of unknown information discussed either between persons or over the police radio*. This appears to refer to the redactions at 7:06-8:03 of this recording. Review of the unredacted version of this recording reveals that the redacted information were communications between the injured arrestee and firemen about the nature of her injuries. That is apparent from the recording itself. These redactions therefore obscured a R.C. 149.43(A)(1) and (3) medical record and hence were proper.

{¶20} *Blurring of faces of EMS personnel who are in public*. Elyria advances the same bases for these redactions as were advanced for the similar redactions to SHARED-MEDIATION-068-BWC 5. Those redactions were improper for the reasons discussed there.

{¶21} *Blurring of video showing the inside of defendant's vehicle*. Elyria has offered no explanation for this redaction, and no basis is apparent from the recording itself. This redaction is improper.

{¶22} *Audio muting of last name and other information of a witness*. The redacted information was personal information of a person who was not arrested, cited, charged, or issued a warning. This redaction was therefore proper under R.C. 149.43(A)(17)(I).

{¶23} *Blacking out of an officer's notepad.* Elyria relies upon R.C. 149.43(dd) and R.C. 145.45(A) to support these redactions, but the existence of information protected by those statutes is not obviously apparent from the recording and Elyria has provided no extrinsic evidence showing the existence of such information. See *Kearns v. Fairfield Police Dept*., 2025-Ohio-2003, ¶ 11, adopted 2025-Ohio-2373 (Ct. of Cl.). These redactions are unsupported.

{¶24} *Audio muting of phone numbers provided by defendant's mother*. These redactions were made at 12:54-13:00 and 13:13-13:20 of this recording. The first redaction was proper under R.C. 149.43(A)(1)(mm) because it obscured the phone number of the mother of the arrestee, who was a witness. That statute does not support the second redaction because that redaction was of the arrestee's telephone number. *Accord*, *Kearns v. Nelsonville Police Dept*., 2025-Ohio-736, ¶ 13, adopted March 24, 2025 (Ct. of Cl. Case No. 2024-00902PQ).

### 3.  SHARED-MEDIATION-296-BWC.

{¶25} Four sets of redactions to this recording are contested.

{¶26} *The screen of an officer's cell phone*. Elyria cites R.C. 149.011(G) and R.C. 149.43(A)(8) as bases for these redactions. I construe the reference to R.C. 149.011(G) as a denial that the images of the cell phone are records within the meaning of that statute. That would be a proper basis for redacting those images unless Mr. Kearns produced clear and convincing evidence that the images have all the defining features of a R.C. 149.011(G) record. *Hicks v. Union Twp., Clermont Cty. Bd. of Trustees*, 2024-Ohio-5449, ¶ 15. Mr. Kearns has not provided any evidence on that point. These redactions were therefore proper.

{¶27} *Blacking out of faces of EMS personnel who are in public*. Elyria cites the same statutes in support of these redactions that it did in support of the similar redactions to SHARED-MEDIATION-068-BWC 5. Those statutes do not support these redactions, as discussed above.

{¶28} *Blacking out video from inside an EMS ambulance*. These redactions obscure EMS personnel providing treatment for the arrestee's injuries. They are therefore R.C. 149.43(A)(1) and (3) medical records. That is obvious and apparent from the recording itself. These redactions were appropriate.

{¶29} *Muting the audio that takes place inside an EMS ambulance*. These redactions obscure discussion of prescription drugs found in the arrestee's vehicle. Elyria cites R.C. 149.43(A)(3) and R.C. 149.43(A)(17)(i) in support of these redactions. R.C. 149.43(A)(3) does not support these redactions because the conversations were about the disposition of potentially illegal drugs and hence were not generated or maintained in the process of medical treatment. R.C. 149.43(A)(17)(i) does not support the redactions because this conversation did not occur in a health care facility, as defined by R.C. 1337.11.

\*\*\*

{¶30} Based on the foregoing, I recommend that the court order Elyria to produce the recordings at issue without the redactions listed in the appendix to this report and recommendation.

**B. Requester is entitled to recover his filing fee and costs; respondent should bear the balance of the costs**.

{¶31} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office . . . the amount of the filing fee . . . and any other costs associated with the action[.]" Mr. Kearns was aggrieved by the improper redactions discussed above. I therefore recommend that he recover his filing fee and the costs he incurred in this case. I also recommend that Elyria bear the balance of the costs of this case.

**III. Conclusion**.

{¶32} Based on the foregoing, I recommend that the court:
A. Order respondent to produce copies of the recordings at issue without the redactions listed in the appendix to this report and recommendation;

B. Order respondent to take that action within 30 days of the entry of a judgment adopting this report and recommendation;

C. Order respondent to file an affirmation that it has taken that action within 40 days of the entry of a judgment adopting this report and recommendation;

D. Order respondent to reimburse requester for his filing fee and costs; and

E. Order respondent to pay the balance of the costs of this case.

{¶33} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Appendix**

**Improper Redactions**

**1.** SHARED-MEDIATION-068-BWC 5.

Audio over police radio.

Blurring of faces of EMS personnel.

Blurring of face of defendant's mother who is in public.

Audio muting of conversation between law enforcement officers and EMS personnel.

**2.** SHARED-MEDIATION-132-BWC 4.

Blurring of faces of EMS personnel who are in public.

Blurring of video showing the inside of defendant's vehicle.

Blacking out of an officer's notepad.

Audio muting of arrestee's phone number provided by her mother.

**3.** SHARED-MEDIATION-296-BWC.

Blacking out of faces of EMS personnel who are in public.

Muting the audio that takes place inside an EMS ambulance.

**Filed August 27, 2025**
**Sent to S.C. Reporter 9/15/25**