[Cite as *Gardner v. N. Royalton*, 2026-Ohio-1723.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| SCOTT GARDNER | Case No. 2025-01014PQ |
| Requester | Special Master Sarah Pierce |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CITY OF NORTH ROYALTON | |
| Respondent | |

{¶1} This matter is before me for a report and recommendation. R.C.2743.75(F). I recommend that the court (1) grant respondent's March 25, 2026, motion to dismiss, and (2) order requester to bear the costs of this case.

### I. Background

#### A. The public records request

{¶2} On November 4, 2025, Requester Scott Gardner submitted a public records request to Respondent City of North Royalton. *Amended Complaint, filed Dec. 26, 2025*, p. 1. The request generally asked for "copies of all public records related to the October 11, 2025 traffic stop and arrest of Orange Village Deputy Chief Patrick O'Callahan by the North Royalton Police Department." *Id.*, p. 5 (emphasis omitted). Relevant to this case, the request specifically asked for "Computer-Aided Dispatch (CAD) and Mobile Data Terminal (MDT) logs, including the full CAD audit log showing any user edits, deletions, time changes, or note additions made after the initial entry." *Id*. (emphasis omitted). Requester seeks release of this log.[1] *See Complaint, filed Dec. 16, 2025*, p. 5; *Req. Evidence, filed Feb. 17, 2026*, p. 3.

{¶3} The City responded to the request and produced records. *See, e.g., Req. Ev.*, p. 6. However, the City withheld the requested "audit log," citing the CLEIR work product

---

[1] The parties alternately refer to this contested record as the "audit log" or "Sundance audit log." *See, e.g., Compl.*, p. 3.

exception (defined at R.C. 149.43(A)(2)) and the trial preparation record exception (defined at R.C. 149.43(A)(4)). *Req. Ev.*, p. 6.

{¶4} On March 16, 2026, after closing the related investigation, the City released the audit log to Requester. *Resp. Supp. Affidavit, filed Mar. 25, 2026*, p. 2 ¶ 7.

### B. Procedural history

{¶5} This matter was referred to mediation. Mediation did not resolve the case, and a schedule was set for both parties to file evidence and memoranda supporting their positions. *Order Terminating Mediation*, entered Feb. 11, 2026.

{¶6} After that case schedule had run, on March 17, 2026, the City filed a notice suggesting the case had been mooted by the production of records. *Resp. Notice, filed Mar. 17, 2026*. I therefore issued an order requiring the City to file affidavit evidence to substantiate that production of records. *Order, entered Mar. 18, 2026*. Requester was permitted to file a reply to that submission. *Id*. That schedule has run its course, making this case ripe for decision.

## II. Analysis

### A. The City's motion to dismiss for mootness should be granted.

{¶7} Providing requested records generally renders a public-records claim moot. *State ex rel. Cincinnati Enquirer v. Dupuis*, 2002-Ohio-7041, ¶ 8; *Kearns v. Boardman Twp. Police Dept.*, 2025-Ohio-475, ¶ 7, adopted at Ct. of Cl. No. 2024-00776PQ (Mar. 19, 2025). "An event that causes a case to become moot may be proved by extrinsic evidence outside the record." *Dupuis* at ¶ 8. A public records case can be mooted by the respondent producing the responsive records during litigation. *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶¶ 17-18, 22.

{¶8} Requester filed this public-records action to compel production of the contested audit log. *See Compl.*, p. 5; *Req. Ev.,* p. 3. The City withheld that record under two public-records exceptions. *Req. Ev.*, p. 6; *Resp. Evidence, filed Feb. 24, 2026*, p. 46 ¶ 5. The City therefore filed a copy of the contested audit log with the court for in camera review. *Resp. Ev.*, p. 42 (referring to "Thumb Drive marked 'DataStick Pro' that contains audit logs not provided to Requester"); *id*., p. 46 ¶ 4. The City also averred that it anticipated it would provide Requester with all withheld records at the conclusion of the relevant investigation. *Resp. Ev.*, p. 47 ¶ 8.

{¶9} The City has produced supplemental evidence to demonstrate that the contested audit log was provided to Requester on March 16, 2026. *Resp. Supplemental Affidavit, filed Mar. 25, 2026*, p. 2 ¶ 7. Because the record at issue has been provided to Requester, this court can order no further relief and the issue is moot.

{¶10} Requester argues that the City's evidence regarding the production of the record is not sufficient. I disagree. The City filed an affidavit executed by Police Chief Keith Tarase. *Resp. Supp. Aff.*, p. 2. Attached to the affidavit is a copy of the request history from the City's online public-records portal. *Resp. Supp. Aff.*, p. 2 ¶ 7. Requester has provided similar evidence from this portal. *See, e.g., Req. Ev.*, p. 4. That history shows that Police Chief Tarase released a file entitled "NorthRoyaltonLogsForIncident_2500937.xls" to Requester on March 16, 2026. *Resp. Supp. Aff.*, p. 5, 7. That history also demonstrates that the document was opened from the portal the same day. *Id*., p. 5. The City filed a copy of the contested audit log with the court for in camera review. *Resp. Ev*., p. 42, 46 ¶ 4.That record is also entitled "NorthRoyaltonLogsForIncident_2500937.xls".[2] I see no indication that the City released a different document to Requester than the one filed with the court.

{¶11} I therefore recommend that the court grant the City's motion to dismiss this case for mootness.

### B. Costs.

{¶12} Revised Code 2743.75(F)(3)(b) provides that the court shall award a requester their filing fee and "any other costs associated with the action" if it finds a violation of the Public Records Act. Because I do not find a violation of the Public Records Act, I recommend that Requester bear the remaining costs of this action.

### III.    Conclusion

{¶13} Based on the above considerations, I recommend that the court:

1)      Grant respondent's March 25, 2026, motion to dismiss; and

2)      Order requester to bear the costs of this case.

---

[2] For reference, the document filed with the court is a Microsoft Excel spreadsheet, titled "NorthRoyaltonLogsForIncident_2500937", and 59 KB in size. The spreadsheet has 69 rows of data (including a header row) and six columns of data titled "NarrativeHistoryID," "TablePrimaryKey," "Username," "CreatedDate," and "NarrativeText."

{¶14} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation.  Any objection shall be specific and state with particularity all grounds for the objection.  A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____

SARAH PIERCE
Special Master

**Filed April 9, 2026**
  **Sent to S.C. Reporter 5/11/26**